IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE:   ETHICON, INC.,
         PELVIC REPAIR SYSTEM
         PRODUCTS LIABILITY LITIGATION                    MDL No. 2327

---

THIS DOCUMENT RELATES TO:

*Stevenson, et al. v. Ethicon, Inc., et al.*                Civil Action No. 2:12-cv-02700

MEMORANDUM OPINION AND ORDER
(*Motion for Reconsideration*)

Pending before the court is Plaintiffs' Motion for Reconsideration [ECF No. 31], filed on February 17, 2016. The defendants, Johnson & Johnson and Ethicon, Inc. (collectively "Ethicon") have responded [ECF No. 34], and the plaintiffs have replied [ECF No. 35]. This matter is now ripe for my review. For reasons described herein, Plaintiffs' Motion for Reconsideration is **DENIED**.

I. Background

This case resides in the Ethicon MDL, MDL 2327, one of seven MDLs assigned to me by the Judicial Panel on Multidistrict Litigation concerning the use of transvaginal surgical mesh to treat pelvic organ prolapse and stress urinary incontinence. Managing the MDLs requires the court to streamline certain litigation procedures in order to improve efficiency for the parties and the court. Some of these management techniques simplify the parties' responsibilities. For instance, the Federal Rules of Civil Procedure require a plaintiff to serve the defendants a

summons and a copy of the complaint. Fed. R. Civ. P. 4(c)(1). However, in this MDL, the defendants agreed to waive formal service of process as long as the plaintiff sends by email or certified mail "the short form complaint and, if in their possession, a sticker page or other medical record identifying the product(s) at issue in the case." *See* Pretrial Order # 20, *In re: Ethicon, Inc. Pelvic Repair System Products Liability Litigation*, No. 2:12-md-2327, *available at* http://www.wvsd.uscourts.gov/MDL/ethicon/pdfs/PTO_20.pdf. Thus, the plaintiffs were excused from formally serving process on the defendants here, if the plaintiffs completed this simple procedure. Nevertheless, the plaintiffs in this case failed to effectuate service by either method within the time allotted under the then effective Federal Rule of Civil Procedure 4(m).[1]

On December 18, 2015, the defendants filed a motion to dismiss the case for failure to timely effect service of process. The plaintiffs responded and filed a surreply, both of which I considered in making my decision. On January 19, 2016, I granted the defendants' motion and entered a judgment order dismissing the plaintiffs' case. I found that there was no good excuse for failure to email a complaint within 120 days and that strictly enforcing deadlines is necessary to ensure that litigation runs smoothly in an MDL of this magnitude.

In the instant motion, the plaintiffs seek reconsideration of my January 16, 2016 order. The plaintiffs request that I set aside the dismissal without prejudice of the plaintiffs' case.

---

[1] On December 1, 2015, an amended version of Rule 4 took effect. Any reference to rule 4(m) is to the 1993 version in effect at the time the complaint was filed with this court.

## II. Legal Standard

### A. Rule 59(e) of the Federal Rules of Civil Procedure

The Fourth Circuit has recognized three grounds under which a court may grant a motion to amend or alter an earlier judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Pacific Ins. Co. v. American Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). The rule is intended to spare the parties and the appellate courts the costs and burdens of unnecessary appellate proceedings. *Id.* Rule 59(e) motions, however, are not the proper venue "to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." *Id.* "In general, reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Id.* (quoting 11 Wright et al., *Federal Practice and Procedure* § 2810.1, at 127-28 (2d ed. 1995)).

### B. Rule 60(b) of the Federal Rules of Civil Procedure

"Federal Rule of Civil Procedure 60(b) authorizes a district court to grant relief from a final judgment for five enumerated reasons or for 'any other reason that justifies relief.'" *Aikens v. Ingram*, 652 F.3d 496, 500 (4th Cir. 2011) (internal citations omitted). The enumerated reasons for relief from final judgment under Rule 60(b) are: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly

discovered evidence not available at trial; (3) fraud; (4) a void judgment; (5) judgment has been satisfied or discharged; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b). The sixth "catchall" reason "may be invoked in only 'extraordinary circumstances' when the reason for relief from judgment does not fall within the list of enumerated reasons given in Rule 60(b)(1)-(5)." *Aikens*, 652 F.3d at 500. Furthermore, the Fourth Circuit has required that "[i]n all cases, a Rule 60(b) movant must act in a timely fashion, must demonstrate a lack of prejudice to the non-movant, and must proffer a meritorious defense." *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 811 (4th Cir. 1988).

## III. Discussion

In their motion for reconsideration, plaintiffs' counsel contends that the plaintiffs' case should be reopened because the defendants continued to litigate the case after it was dismissed. The plaintiffs' argument is that by continuing to litigate through discovery requests, the defendants negate their prior allegations that the defendants were prejudiced by the plaintiffs' failure to timely effect service of process. The plaintiffs also argue that it is manifestly unjust for the defendants to have the opportunity to cure errors pursuant to PTO No. 15[2] and claim mistake as an excuse for filing the discovery request when the plaintiffs have been deprived of their day in court due to failure to timely effect service of process.

---

[2] Pursuant to PTO No. 15, the plaintiffs must meet and confer with defendant's counsel before instigating any default procedures and give defendants 10 business days to cure any alleged default. *See* Pretrial Order No. 15, *In re: Ethicon, Inc. Pelvic Repair System Products Liability Litigation*, No. 2:12-md-2327, *available at* http://www.wvsd.uscourts.gov/MDL/ethicon/pdfs/PTO_15.pdf

4

While the plaintiffs mention the phrase manifest injustice, which is one of the grounds for reconsideration under Rule 59(e), the plaintiffs never mention the Rule by name. As explained above, this Rule is only for extraordinary circumstances and not to raise arguments that could have been raised before the judgment order. The only new information the plaintiffs provide is that the defendants served a discovery request on the plaintiffs after the court dismissed the case. While the plaintiffs argue this forced them to incur litigation expenses, they were free to disregard the request. The court does not concern itself with the interaction between former parties to litigation because the court no longer has jurisdiction over those parties. This new information does not present any sort of manifest injustice, as Rule 59(e) requires. The plaintiffs make no other argument for reconsideration under Rule 59(e) or 60(b) of the Federal Rules of Civil Procedure, so the plaintiffs' motion for reconsideration is **DENIED**.[3]

### IV. Conclusion

For the reasons stated above, it is **ORDERED** that Plaintiffs' Motion for Reconsideration [ECF No. 31] is **DENIED.** The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: May 27, 2016

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

---

[3] In their reply, the plaintiffs request for the first time that if the court declines to vacate the dismissal that the court amend its prior judgment to allow for tolling of the statute of limitations. The plaintiffs make no new argument to support this improperly raised request, so denial of the motion for reconsideration serves as a denial of this request as well.